UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BEVERLY MARTIN, ET AL.                          CIVIL ACTION

VERSUS                                          NO: 07-5813

STATE FARM FIRE AND CASUALTY                    SECTION: "A" (3)
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is a **Motion for Summary Judgment on Issue of Policy Cancellation (Rec. Doc. 101)** filed by Defendant State Farm Fire and Casualty Company. Plaintiffs Beverly and Cornell Martin have not filed an opposition to the Motion. The Motion, set for hearing on March 3, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is DENIED.

**I. BACKGROUND**

A fire occurred on August 14, 2006 at the 11265 Notaway Lane residence of Plaintiffs Beverly and Cornell Martin ("Plaintiffs"). Petition, ¶ 7. Plaintiffs allege that the fire was caused by the shoddy construction work of Bryant Construction, the contractor who repaired damage to their home caused by Hurricane Katrina. *Id.* at ¶¶ 9-10.[1] Plaintiffs submitted a claim to their insurer, Defendant State Farm Fire and Casualty Company ("State Farm"), who investigated the damage and, on September 12, 2006, remitted $89,387.51 in insurance proceeds to Plaintiffs. Memorandum in Support of Motion for Summary Judgment Based upon Plaintiffs' Allegations

---

[1] Defendant State Farm Fire and Casualty Company has alleged in its Answer that the fire was caused by arson. Answer and Request for Jury (Rec. Doc. 13), pg. 13.

of "Bad Faith" (Rec. Doc. 99), pg. 3. Plaintiffs filed suit against State Farm on April 10, 2007 in Louisiana state court, alleging that their insurance policy entitled them to more money. Petition at ¶¶ 7, 12, 19 -21.[2] Plaintiffs also allege that "State Farm has assumed or presumed, without cause or justification, that Petitioners caused the fire in their home, and as a result, the policy was cancelled. . . . State Farm cancelled the policy on or about July 25, 2007, without cause, justification or reason." *Id.* at ¶¶ 11, 13. State Farm then removed the suit to this Court. *See* Notice of Removal (Rec. Doc. 1).

Plaintiffs submitted a settlement demand to State Farm on December 22, 2008 in response to which State Farm requested more information as to the basis for Plaintiffs' demand. Motion at pg. 5. During ongoing settlement discussions, the parties jointly moved for an extension of discovery deadlines twice, once on January 31, 2009 and again on February 17, 2009. *See* Joint Motion for Extension of Deadlines (Rec. Doc. 36); Joint Motion to Continue Trial and Pretrial Conference (Rec. Doc. 39). Plaintiffs submitted documentation to State Farm substantiating their claim on April 7, 2009. *See* April 7, 2009 correspondence from C. Theodore Alpaugh, III to Patrick D. DeRouen attaching supporting documentation, Exhibit 2B in support of Motion for Summary Judgment Based Upon Plaintiffs' Submission of Fraudulent Receipts and Documents (Rec. Doc. 68). This documentation consisted of a contract between Plaintiffs and McMillian & Holden, LLC ("M&H") for repair work on Plaintiffs' home, an inventory of Plaintiffs' personal property, an accounting of expenses Plaintiffs incurred while they were living outside of their home after the fire, four receipts for work performed on Plaintiffs' home, and a proposal from M&H for repair work on Plaintiffs' bathroom. *Id.* State Farm then issued a

---

[2]Plaintiffs also named Bryant Construction, Terry Ferguson and "Robert," who they allege to be the principals of Bryant Construction, and "ABC Insurance Company," Bryant Construction's insurer, as defendants.

subpoena to M&H requesting all of its records concerning Plaintiffs. Motion at pg. 6. Candince McMillian, owner of M&H, responded on its behalf and stated that it had no records regarding Plaintiffs and that "the only correspondence between Ms. Martin [and] myself regarding her property . . . was an estimate for repairs. However, we did not retain a copy of this estimate because we were never contracted to make any repairs." April 27, 2009 correspondence from Candince McMillian, Exhibit 4 in support of Motion for Summary Judgment Based Upon Plaintiffs' Submission of Fraudulent Receipts and Documents. State Farm then elicited a sworn statement from Ms. McMillian wherein she stated that M&H had not entered into a contract with Plaintiffs, had not received any money from Plaintiffs, and had not performed any work for Plaintiffs. April 30, 2009 Sworn Statement of Candince McMillian, Exhibit 5 in support of Motion for Summary Judgment Based Upon Plaintiffs' Submission of Fraudulent Receipts and Documents.

Based on Ms. McMillian's statement, State Farm denied further payments on Plaintiffs' claim via a June 30, 2009 letter. June 30, 2009 correspondence from Kara Carpenter to Beverly Thomas Martin and Cornell Martin, Exhibit 2 in support of Motion for Summary Judgment on Issue of Policy Cancellation (Rec. Doc. 101) ("Motion") (denying Plaintiffs' claim because "[i]t was determined [that they] were not truthful . . . in the presentation of [their] claim."). State Farm now moves for summary judgment on the basis that Plaintiffs' suit, as alleged, is predicated on the claim that State Farm cancelled Plaintiffs' insurance policy "on or about July 25, 2007," and that it did not in fact cancel their insurance policy until July 22, 2009. Motion at pg. 2; July 22, 2009 correspondence from Angie Wells to Beverly and Cornell Martin, Exhibit 1 in support of Motion. State Farm therefore asserts "[t]hat no damages, as alleged, occurred."

Motion at pg. 2. Though styled as a summary judgment motion, in essence State Farm's Motion attacks the sufficiency of Plaintiffs' Complaint.

## II. STANDARD

Courts "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *citing Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez*, 577 F.3d at 603, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Gonzalez, 577 F.3d at 603, *quoting Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (citations, internal quotations, and alterations omitted). "In determining whether a complaint states a claim that is plausible on its face, the court 'draw[s] on its judicial experience and common sense.'" *Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*, No. 08-20338, 2009 WL 3698085, at *4 (5th Cir. Nov. 6, 2009), *quoting Iqbal*, 129 S.Ct. at 1950.

## III. DISCUSSION

State Farm argues that, because Plaintiffs' suit is premised on the allegation that State

Farm cancelled their insurance policy on July 25, 2007, when it did not in fact cancel their insurance policy until July 22, 2009, Plaintiffs have failed to allege any facts that would entitle them to relief. Motion at pg. 2. Although the allegations in Plaintiffs' Complaint regarding the cancellation of their insurance policy are factually inaccurate, the Complaint, as a whole, is adequate to support Plaintiffs' claim against State Farm.

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *quoting Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Federal Rule of Civil Procedure 8, and the relevant case law, do not "require an inordinate amount of detail or precision." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 451 (5th Cir. 2002), *quoting St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000). "The form of the complaint is not significant *if it alleges the facts upon which relief can be granted*, even if it fails to categorize correctly the legal theory giving rise to the claim." *Id.* (emphasis added). Fed. R. Civ. Proc. 8(a) merely requires that "a complaint give 'notice of the circumstances which give rise to the claim,' and 'sufficient information to outline the elements of [the plaintiff's] claim or to permit inferences to be drawn that these elements exist.'" *Stewart Title Guar. Co. v. Derivaux*, No. 07-199, 2009 WL 5216050, at *3 (S.D. Miss. Dec. 29, 2009), *quoting Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

In their Complaint, Plaintiffs describe the fire that occurred at their residence and allege that "State Farm has not fully, completely, nor (sic) properly adjusted" their claim for compensation for damages caused by the fire. Petition at ¶¶ 7 - 10, 12. This is the gravamen of Plaintiffs' claim - that State Farm has not remitted all the insurance proceeds due to them under

their policy.  The Complaint has therefore adequately put State Farm on notice of (1) the facts underlying Plaintiffs' claim and (2) the nature of Plaintiffs' claim.  Plaintiffs' Complaint is therefore sufficient to support their claim against State Farm.  *Smith v. Amedisys, Inc.*, 298 F.3d at 451, *quoting St. Paul Mercury Ins. Co.*, 224 F.3d at 434 ("The form of the complaint is not significant if it alleges the facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim.")

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment on Issue of Policy Cancellation (Rec. Doc. 101)** filed by Defendant State Farm Fire and Casualty Company is **DENIED**.

This 1st day of April 2010.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE